UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-62672-CIV-MORENO**

ROBERT SMITH,

       Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,

       Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings **(D.E. 9)**, filed on **January 1, 2016**.

THE COURT has considered the motion, the response in opposition and the reply in support of the motion, the pertinent portions of the record, and is fully advised in the premises. It is hereby

**ORDERED AND ADJUDGED** that the motion is **GRANTED** for the reasons set forth in this Order.

### I. BACKGROUND

Plaintiff Robert Smith alleges five (5) counts against Defendant Comcast Cable Communications Management, LLC. ("Comcast"). These five counts consist of the following: age discrimination under the Age Discrimination in Employment Act (Count 1), age discrimination under the Florida Civil Rights Act (Count 2), disability discrimination under the Americans with Disabilities Act (Count 3), handicap discrimination under the Florida Civil Rights Act (Count 4), and violation of the Family Medical Leave Act (Count 5).

Plaintiff alleges that he was wrongfully terminated after his manager filed an erroneous report. He alleges that the basis for the report, and his subsequent termination, was age and disability discrimination. Defendant moves the Court to compel arbitration on the entire complaint and for the Court to stay judicial proceedings in this case.

Defendant alleges that its alternative dispute resolution program, "Comcast Solutions," automatically enrolled its employees into an agreement to arbitrate all employment disputes. Defendant further alleges that each employee was given the opportunity to opt-out of automatic enrollment before a specified deadline. Defendant allegedly informed Plaintiff of the arbitration provision and the automatic enrollment opt-out deadline in two ways: (1) Defendant mailed a brochure containing the arbitration provision and opt-out deadline to Plaintiff's home address; and (2) Defendant provided an electronic notification form, which was "acknowledged" using Plaintiff's unique employment identification number. (D.E. 9 at 5). The brochure contains an arbitration provision:

> After reading the program materials and asking any questions, if you decide you would like to participate in the program, you don't have to do anything. You will be automatically enrolled. If you prefer not to participate in the program, all you need to do is complete an "Opt-Out" form, available on the HR/Benefits Page on Team Comcast and return it <u>no later than December 15, 2012</u> by either email addressed to ComcastSolutions@cable.comcast.com, OR by regular mail to Comcast Solutions Administrator, c/o Comcast, 1701 JFK Blvd, 34th Floor, Philadelphia, PA 19103. Important note! During the online Open Enrollment process, you will be asked to acknowledge that you have been notified of the program and that you have until December 15, 2012 to consider whether you want to participate in the program. . . **If you agree to participate in the program, both you and the company waive the right to a civil action, or a jury trial for any covered claims—and also action. <u>All</u> covered claims will be handled through the above 3-step process; both you and the company will be bound by the final decision of the arbitrator.**

(D.E 9-1 at 11) (emphasis in original). Similarly, the electronic notification acknowledgement form contains an arbitration provision and the ability for the employee to confirm that the brochure was received:

> Comcast Solutions provides you multiple opportunities for resolving a workplace legal claim with internal review/facilitation and, if necessary, proceeding to external mediation and final, binding arbitration through an external, professional dispute resolution organization. Information about the program was sent to you as part of the Open Enrollment package and is available to you from your local human resources personnel or on Team Comcast.
>
> You will have until December 15, 2012 to review these materials and decide whether you want to participate in the program. If you decide that you would like to participate in the program, you do not have to do anything further; you will be automatically enrolled. If you decide you do not want to participate in the program, you will need to complete an "opt out" form (available from your local human resources representative or through the HR/Benefits Page on Team Comcast under the Comcast Solutions tab) and return it to the Comcast Solutions Administrator, 1701 JFK Blvd., 34th Floor, Philadelphia, PA 19103, by no later than December 15, 2012.
>
> Clicking on the button below acknowledges that you have received this notification about the Comcast Solutions Program and review/opt out period.
>
> [ACKNOWLEDGE]

(D.E. 9-1 at 41).

## II.   LEGAL STANDARD & ANALYSIS

Plaintiff argues that the parties did not agree to arbitrate. The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Keeping with this policy, the Supreme Court has mandated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *MS Dealer Servs. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). As such, "a party resisting arbitration bears the burden of providing that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000). However, "[a] party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists. Rather, that party must substantiate the denial of the contract with enough

3

evidence to make the denial colorable." *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 855 (11th Cir. 1992).

Plaintiff argues that the claims at issue are unsuitable for arbitration because he "never saw" the brochure and "has no recollection of acknowledging" the electronic notification form. (D.E. 11 at 3, 16). In support, Plaintiff alleges that if he had seen the brochure he would have opted-out of the Comcast Solutions program. *Id.* at 3–4. Similarly, Plaintiff alleges that if he had seen the electronic notification form, he would not have confirmed receipt of the brochure or knowledge of the opt-out deadline. *Id.* at 16. However, Plaintiff asserts no evidence to make his denial of the arbitration agreement colorable or to rebut Defendant's assertions that he received the brochure in the mail and acknowledged the arbitration notification form by utilizing his unique employment identification number. *Chastain*, 957 F.2d at 855; *Robinson-Humphrey Co., Inc.*, 957 F.2d at 855; *see also Dorward v. Macy's, Inc.*, No. 2:10-cv-669-FtM-29DNF, 2011 U.S. Dist. LEXIS 78639, at *26 (M.D. Fla. July 20, 2011) (stating "a party may manifest assent to an agreement to arbitrate by failing to opt out of the agreement within a specified time."); *Gustavsson v. Wash. Mut. Bank, F.A.*, 850 So. 2d 570, 573 (Fla. 4th DCA 2003) (stating that under Florida law, "where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing."). As such, the Court finds that Smith's arguments are not sufficient to eschew the strong federal policy in favor of enforcing the arbitration agreement. *Dean Witter Reynolds, Inc.*, 470 U.S. at 217; *Green Tree Fin. Corp. Ala.*, 531 U.S. at 91. The Court finds Plaintiff's argument that his Family Medical Leave Act claim is outside the scope of arbitration equally unavailing. *Mercury Constr. Corp.*, 460 U.S. at 24-25; *MS Dealer Servs. Corp.*, 177 F.3d at 947.

I.   CONCLUSION

For the reasons put forth, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (D.E. 9) is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that all pending motions are **DENIED** as moot. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 22nd day of August, 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record